NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESMELYN PLUNKETT, | Civil Action No. 12-7337 (SRC) |
| Plaintiff, | |
| v. | OPINION & ORDER |
| INGLEMOOR REHABILITATION AND CARE CENTER et al., | |
| Defendants. | |

**CHESLER**, District Judge

This motion comes before the Court on the motion to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a valid claim for relief, by Defendant District 1199J National and Health Care Employees (the "Union"). For the reasons stated below, the motion to dismiss will be granted.

In brief, this case arises from an employment dispute involving an employee, an employer, and the Union, who is the moving Defendant on this motion. On November 29, 2012, Plaintiff filed the Complaint in this action, asserting, *inter alia*, a breach of the duty of fair representation claim against her union, named as a "John Doe" defendant. On December 3, 2012, Plaintiff filed an Amended Complaint which named the Union as a defendant. The docket does not show any proof of service on the Union. After the time limit set by Federal Rule of Civil Procedure 4(m) had run, this Court issued a notice of call for dismissal, pursuant to L. Civ. R. 41.1(a). Plaintiff's attorney then filed an affidavit which acknowledged that no defendants had yet been served. The Union filed the instant motion on May 24, 2013.

The Union now moves to dismiss the Amended Complaint on three grounds, but this Court need only reach the first argument: the statute of limitations on the claim against the Union had run by the time it was named in the Amended Complaint, and the Amended Complaint does not meet the requirements of Rule 15(c) for relation back.

In regard to the statute of limitations argument, Plaintiff responds that the claim against the Union in the Amended Complaint was timely filed because it relates back to the Complaint under Federal Rule of Civil Procedure 15(c), which states:

> (c) Relation Back of Amendments.
>
>   (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
>     (A) the law that provides the applicable statute of limitations allows relation back;
>     (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>     (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>       (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>       (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1)(C) applies here, where the Amended Complaint changed the naming of the party against whom a claim was asserted. "Replacing a 'John Doe' caption with a party's real name amounts to 'changing a party' within the meaning of Rule 15(c), and thus will only relate back if all three conditions specified in the Rule have been satisfied." Varlack v. Swc Caribbean, 550 F.2d 171, 174 (3d Cir. 1977). See also Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 201 (3d

Cir. 2001) (stating that <u>Varlack</u> continues to be binding).

The problem for Plaintiff is that she has not satisfied the requirement of Rule 15(c)(1)(C) that the Union must have received notice within the time set by Rule 4(m), which is 120 days. Plaintiff's counsel's affidavit of May 3, 2013 acknowledges that no defendant had been served as of that date, which is more than 120 days after the date on which the Amended Complaint was filed.  Plaintiff has not met the requirements of Rule 15(c) to find that the Amended Complaint relates back to the date of filing of the Complaint.

Plaintiff's opposition brief does not otherwise dispute the relevant components of the Union's argument for dismissal: 1) the duty of fair representation claim has a 6-month limitation period; 2) the Complaint alleges that the Union refused to grieve the discipline at issue sometime in May of 2012; and 3) therefore, the limitation period must have run six months after the end of May of 2012, which means that, at the latest, the limitation period ended at the end of November of 2012.

"A statute of limitations defense is an affirmative one, and in order to undergird a dismissal, must appear on the face of the complaint." <u>Benak v. Alliance Capital Mgmt. L.P.</u>, 435 F.3d 396, 400 (3d Cir. 2006).  Facts sufficient to establish that the statute of limitations has run on the duty of fair representation claim do appear on the face of the Amended Complaint.  The Union's motion to dismiss will be granted, and the Amended Complaint against them will be dismissed with prejudice.

For these reasons,

**IT IS** on this 9th day of August, 2013, hereby

**ORDERED** that the Union's motion to dismiss the Amended Complaint (Docket Entry

No. 8) is **GRANTED**, and as to the Union only, the Amended Complaint is hereby **DISMISSED** with prejudice.

                                             s/ Stanley R. Chesler
                                             Stanley R. Chesler, U.S.D.J